J-S74030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
VAMSIDHAR VURIMINDI :
:
Appellant : No. 3102 EDA 2018

Appeal from the Order Entered October 23, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008022-2012

BEFORE: BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER PER CURIAM: **Filed: February 7, 2020**

Vamsidhar Vurimindi (Appellant) appeals *pro se* from the trial court's order which denied his request, while on probation, to travel to New York, NY, and Washington, DC. **See** Trial Court Opinion, 5/28/19, at 2, citing 42 Pa.C.S.A. § 9754. Appellant states his four appellate issues as follows:

> 1. Whether Judge Anhalt imposing travel ban to New York, NY; Raleigh, NC and to Washington, D.C, violated Appellant's right to work and travel under Pennsylvania and United States Constitution?
>
> 2. Whether Judge Anhalt imposing travel ban based upon Appellant's immigration status, violated Appellant's due process and equal protection rights under Pennsylvania and United States Constitution?

_____

[*] Former Justice specially assigned to the Superior Court.

3. Whether Judge Anhalt punishing Appellant by imposing travel ban for exercising his right to self-representation is patently unconstitutional?

4. Whether Judge Diana Anhalt prejudice, bias and against Appellant, and without recusing, continue to preside over underlying matter, violated Appellant's right to impartial tribunal under Pennsylvania and United States Constitution?

Appellant's Brief at 4.

Appellant was on probation following his conviction of stalking and disorderly conduct. In a prior decision, we explained:

[Appellant's] egregious and bizarre behavior forced his first victim to install a panic-button alarm system that connected directly to the local police and to consider hiring a body guard. That victim [ultimately] relocated. [Appellant's] actions forced the other victim to sell her condominium and move twice to get away from [Appellant]. Both women were terrified of [him].

***Commonwealth v. Vurimindi***, 200 A.3d 1031, 1034 (Pa. Super. 2018) (citations omitted), ***appeal denied***, 217 A.3d 793 (Pa. 2019).

On October 23, 2018, the trial court held a hearing to consider Appellant's travel request, after which it denied the request "to protect the victims," and "cit[ed] safety concerns," because one of Appellant's victims lived in New York, and the other lived in Washington, DC. Trial Court Opinion, 5/28/19, at 2.

The Commonwealth contends this appeal is "both moot and meritless." Commonwealth Brief at 5. The Commonwealth claims the appeal is moot because "according to the PACFile system, [Appellant] is now [in federal custody] at Adams County Detention Center in Mississippi" awaiting deportation. ***Id.*** at 5. The Commonwealth additionally argues that there is

no merit to this appeal because the trial court "acted well within its discretion." *Id.* at 6.

The record does not indicate whether Appellant is about to be or has been deported.  However, statutory authority provides for a trial court to modify an order of probation, and impose "reasonable conditions . . . as it deems necessary to ensure or assist the defendant in leading a law abiding life."  42 Pa.C.S.A. § 9771; 42 Pa.C.S.A. § 9754(b) (referencing Section 9763, conditions of probation).  This Court has explained:

> Th[e trial court's] broad power to impose conditions as part of an order of probation is intended to individualize the sentencing process so that an effort can be made to rehabilitate a criminal defendant while, at the same time, preserving the right of law abiding citizens to be secure in their persons and property.

*Commonwealth v. McBride*, 433 A.2d at 510 (Pa. Super. 1981).

Upon review, and consistent with the foregoing, we find no merit to this appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/20

- 3 -